IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEVEN EARLY,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br><br>Civil Case No. 2:05-CV-757 TS<br><br>Criminal Case No. 2:03-CR-347 TS |

This matter is before the Court on Petitioner Steven Early's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (§ 2255 Motion).[1]  Petitioner is proceeding *pro se* in this matter.  Having considered the pleadings and the record before it, the Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255.  Based upon the reasons set forth more fully below, the Court will deny the § 2255 Motion and dismiss this case.

---

[1] Docket No. 1 in Case No. 2:05-CV-757 TS.

I.  BACKGROUND

Petitioner was indicted on one count of bank robbery in violation of 18 U.S.C. § 2113(a) on May 8, 2003.[2]  Defendant entered a plea of guilty on September 23, 2004.[3]  Petitioner was sentenced on December 14, 2004, to a 151 month term of imprisonment.  Judgment was entered on December 15, 2004.[4]  Petitioner did not pursue direct appeal.  Petitioner now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the sole basis that his prior convictions did not constitute crimes of violence under USSG §§ 4B1.1 AND 4B1.2.

II.  ANALYSIS

A.      PROCEDURAL BAR

The Supreme Court has ruled that, because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."[5]  Generally, the Tenth Circuit has held that § 2255 cannot be used to test the legality of matters which should have been raised on appeal.[6]  Further, if an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a

---

[2] Docket No. 10 in Case No. 2:03-CR-347 TS.

[3] Docket No. 39 in Case No. 2:03-CR-347 TS.

[4] Docket No. 44 in Case No. 2:03-CR-347 TS.

[5] *United States v. Frady*, 456 U.S. 152, 165 (1982).

[6] *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

fundamental miscarriage of justice [if] the claim is not considered."[7]

Here, Petitioner did not object to his career offender status at sentencing, nor did he pursue direct appeal.  Therefore, because the issue presented in the instant § 2255 Motion was not raised and Petitioner did not pursue direct appeal, Petitioner's Motion is procedurally barred, and can only be considered by the Court if the *Frady* factors set forth above are satisfied.

1. Cause and Prejudice.

To be granted relief from the procedural bar under this analysis, a petitioner must establish both cause *and* prejudice.  Therefore, even if Petitioner argues that he was prejudiced, he must also argue that sufficient cause existed in order for the Court to peer past the procedural bar.

> Complicating this cause-and-prejudice inquiry is the fact that the Supreme Court has never "attempted to establish conclusively the contours of the standard."  Nevertheless, certain general guidelines have emerged from the Court's jurisprudence.  A petitioner must first show "cause" for his failure to raise the legal claim in an earlier petition.  Habeas petitioners may not choose to withhold claims for disposition in later proceedings, and even negligence in discovering a claim will not excuse a delay.  Instead, a petitioner must show that his efforts to raise the claim at earlier stages were "impeded" by "some objective factor external to the defense," for example, where "the factual or legal basis for a claim was not reasonably available to counsel" during earlier proceedings.  The standard is an *objective* one, asking not what a particular attorney or pro se petitioner actually knew but whether the claim was "reasonably available" upon diligent inquiry.[8]

---

[7] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also Frady*, 456 U.S. at 167-68 (A defendant can overcome this bar only by showing cause for the procedural default and actual prejudice resulting from the alleged sentencing error).

[8] *Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001) (internal citations omitted) (emphasis added).

The Supreme Court has further clarified that the cause and prejudice standard "applies even in cases in which the alleged constitutional error impaired the truthfinding function of the trial."[9]  Further, the Supreme Court "has long understood the vital interest served by federal procedural rules, even when they serve to bar federal review of constitutional claims."[10]

"As for prejudice, a petitioner must show 'actual prejudice resulting from the errors of which he complains.'  More specifically, a petitioner must demonstrate 'actual prejudice resulting from the alleged constitutional violation.'"[11]

Here, Petitioner does not address his failure to raise the issue of his career offender status in the underlying criminal case, nor does he explain his failure to appeal.  As a result, the Court finds that Petitioner has not argued, nor has he produced any evidence, that his efforts to raise this issue prior to this § 2255 appeal were impeded by some objective factor external to the defense, or that the factual or legal basis for a claim was not reasonably available to counsel during earlier proceedings.  Petitioner has not made any explanation for his failure to raise these issues at the appropriate time or in the appropriate context.  Petitioner also has not claimed ineffective assistance of his counsel which would buttress his claims that something out of his control lead to his failure to raise the issues before now.

---

[9] *Coleman v. Thompson*, 501 U.S. 722, 747 (1991).

[10] *Id.* at 751 (emphasis omitted) (citing *Yakus v. United States*, 321 U.S. 414, 444 (1944) ("No procedural principal is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.")

[11] *Johnson v. Champion*, 288 F.3d 1215, 1226-27 (10th Cir. 2002) (quoting *Frady*, 456 U.S. at 168, and *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).

Based upon the above, the Court further finds that Petitioner has established neither cause nor prejudice under *Frady*[12] which would excuse his procedural default. Therefore, Petitioner's claims are procedurally barred.

    2.    <u>Fundamental Miscarriage of Justice</u>.

In order to establish a "fundamental miscarriage of justice," Petitioner must make a colorable showing of innocence.[13] Indeed, the Tenth Circuit has stated that "the § 2255 movant who challenges his conviction can overcome the procedural bar if he can demonstrate that the constitutional error 'has probably resulted in the conviction of one who is actually innocent.'"[14]

Here, Petitioner does not argue that he was innocent. Given the Court's findings herein, the Court further finds no miscarriage of justice in this case which would remove the *Frady* procedural bar.

B.    PETITIONER'S CLAIMS

Even if Petitioner's claims were not procedurally barred, the Court would find them to be without merit. Petitioner's previous convictions of attempted robbery and bank robbery were crimes of violence under USSG §§ 4B1.1 AND 4B1.2.[15] Further, in examining the elements of the offenses at issue here, both have as an element the use, attempted use, or threatened use of physical force against the person of another.[16]

---

[12] 456 U.S. at 167-68.

[13] *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

[14] *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002).

[15] *See* USSG § 4B1.2, n.1 (2003 ed.) (stating that crime of violence includes robbery and the offenses of aiding and abetting, conspiring, and attempting to commit such offenses).

[16] *See* Utah Code Ann. § 76-6-301 (2003); 18 U.S.C. § 2113(a).

## III.  CONCLUSION

It is therefore

ORDERED that Petition's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in Civil Case No. 2:05-CV-757 TS) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The clerk of the court is directed to close this case forthwith.

DATED this 10th day of July,  2007.

BY THE COURT:

_____
TED STEWART
United States District Judge